IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 23, 2014 Session

**IN RE TENNESSEE WALKING HORSE FORFEITURE LITIGATION**

**Appeal from the Circuit Court for Fayette County**
**No. 13CV61     J. Weber McCraw, Judge**

_____

**No. W2013-02804-COA-R3-CV – Filed April 8, 2015**

_____

This case arises out of an appeal by the State of Tennessee, from an Order dismissing a Complaint for Judicial Forfeiture. The trial court granted Appellees', the purported owners of two Tennessee Walking Horses, motion to dismiss for failure to comply with Tennessee Code Annotated Sections 39-14-210(f) and 39-11-707(c). We vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ROBERT L. CHILDERS, SP.J., delivered the opinion of the Court, in which DAVID R. FARMER, SP.J., and J. STEVEN STAFFORD, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Acting Solicitor General; Scott C. Sutherland, Assistant Attorney General; and Linda D. Kirklen, Assistant Attorney General, for the appellant, State of Tennessee.

J. Houston Gordon, Covington, Tennessee, for the appellees, Beverly Sherman and Kelly Sherman.

W.J. Michael Cody and Shea B. Oliver, Memphis, Tennessee, for the Amicus Curiae, Animal Legal Defense Fund.

**OPINION**

**Facts**

On March 1, 2012, officials from the Fayette County Sheriff's Office and the United States Department of Agriculture seized two Tennessee Walking Horses, named "Paroled in the Night" and "Mucho Bueno," incident to the arrests of the horses' trainers, employees of Whitter Stables, for animal cruelty. The officials placed the horses into the custody of the Humane Society of the United States ("HSUS"). HSUS is not chartered with the State of Tennessee.

On May 16, 2012, Beverly Sherman and Kelly Sherman ("Appellees"), the purported owners of the horses at issue, filed a Complaint for Possession or in the Nature of Replevin, seeking to recover the horses. The State of Tennessee ("State") filed an answer, denying that the Appellees were entitled to the return of the property.

On May 22, 2012, the horse trainers pleaded guilty in the United States District Court for the Eastern District of Tennessee to soring[1] the horses at issue in violation of the Federal Horse Protection Act. The trainers also pleaded guilty to State animal cruelty charges involving the subject horses on July 10, 2013. According to the State, the trainers admitted, as part of their state-law guilty pleas, to having sored and abused the subject horses.

The State filed an *ex parte* application for a forfeiture warrant for the horses on July 10, 2013. On the same day, the Fayette County Circuit court issued an *ex parte* Forfeiture Warrant and Order placing the horses in the custody of the HSUS pending a final forfeiture determination.

On August 9, 2013, the State filed a forfeiture complaint. The forfeiture complaint indicated that the State had information to believe that the Appellees were the owners of two of the horses.[2] However, the forfeiture complaint specifically reserved the issue of the Appellee's standing to contest the forfeiture. On September 2, 2013, the Appellees filed a motion to dismiss the forfeiture complaint or in the alternative, to consolidate the forfeiture litigation with the previously filed Replevin Lawsuit. The motion to dismiss was based upon the assertion that both the Replevin and the State's Forfeiture lawsuits dealt with identical issues, namely, the custody of the horses. The Appellees also argued that the forfeiture warrant was not properly issued because the State failed to obtain it within five (5) working days of March 1, 2012, as required by Tennessee Code Annotated

---

[1] To sore, in the context of this case, is defined as "[t]o mutilate the legs or feet of (a horse) to induce a particular gait in the animal." *American Heritage College Dictionary* 1322 (4th ed. 2002).

[2] The forfeiture complaint also contained allegations regarding another horse and its purported owner. That horse and owner are not at issue in this appeal.

Section 39-11-707(c). On the same day, the Appellees' filed a motion to dismiss the forfeiture warrant, arguing generally the same basis as the motion to dismiss the forfeiture complaint.

On November 4, 2013, the trial court held a hearing on the Appellees' motions and determined that the State violated certain procedural requirements contained in the forfeiture statutory scheme in taking possession of the subject horses. Consequently, the trial court granted the Appellees' motions to dismiss on December 11, 2013. The trial court subsequently granted the State's motion to stay the return of the subject horses pending the outcome of this appeal.

## Issues Presented

The State raises three issues, which are taken, and slightly restated, from its brief:

1.  Whether the trial court erred in concluding that the State's seizure of the subject horses was illegal because the State placed the victimized animals in the custody of a humane society that was not chartered by the State as required by Tennessee Code Annotated Section 39-14-210(f).
2.  Whether the trial court was correct in concluding that the State failed to obtain a forfeiture warrant within the time prescribed by Tennessee Code Annotated Section 39-11-707(c).
3.  Whether the trial court erred in failing to require the Appellees to establish standing to contest the forfeiture warrant and complaint.

In the posture of appellee, the Appellees raise one additional issue, which is taken, and slightly restated from their brief: "Whether the trial court erred by failing to find that the State's separate Complaint for Judicial Forfeiture was barred by a prior suit pending or finding that the two cases should be consolidated."

## Standard of Review

In considering an appeal from a trial court's grant of a motion to dismiss, we take all allegations of fact in the complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn R. App. P. 13(d); ***Mid-South Industries, Inc. v. Martin Mach. & Tool, Inc.***, 342 S.W.3d 19, (Tenn. Ct. App. 2010) (citing ***Owens v. Truckstops of America***, 915 S.W.2d 420, 424 (Tenn. 1996)).

## Discussion

# I

Because the issue of standing is a threshold matter, it is incumbent upon the Appellees to prove their ownership and show standing pursuant to Tennessee Code Annotated Section 39-11-709(d). *See Connell v. Scullark*, No. W2014-00587-COA-R3-CV, 2014 WL 6882298, at *2 (Tenn. Ct. App. Dec. 8, 2014) (noting that standing is "a threshold matter"). While the animals at issue in this case were seized pursuant to Tennessee Code Annotated Section 39-14-202(e), the statute is clear that victimized animals could be subject to forfeiture. Tenn. Code Ann. § 39-14-202(e) (stating "the court shall order the person convicted to surrender custody and forfeit the animal or animals whose treatment was the basis of the conviction"). Because the statue is silent regarding the disposition of property belonging to innocent owners and other interested third parties, the forfeiture action is governed by Tennessee Code Annotated Section 39-11-701 *et seq.* This Court in *State v. Siliski*, No. M2004-02790-CCA-R3-CO, 2006 WL 1931814 (Tenn. Crim. App. July 10, 2006), specifically held that the general forfeiture scheme contained in Tennessee Code Annotated Section 39-11-701, *et. seq.*, applies to forfeitures pursuant to Tennessee Code Annotated Section 39-11-202(e). *Id.* at *3. Specifically, the *Siliski* Court recognized that while animals "are not property acquired or received as a result of the offense," as contemplated in the forfeiture statutes, "absent any forfeiture procedures within Part 2 on Animals, we look to the general provisions of this title for the proper procedure." *Id.* Thus, the general forfeiture procedures outlined in Tennessee Code Annotated Sections 39-11-707 and -709 apply to this case. *See also* Tenn. Code Ann. § 39-11-717 (noting that the forfeiture scheme "may be used in conjunction with" other forfeiture laws and should "be liberally construed to effect its purpose").

In Tennessee, a forfeiture procedure is considered a civil, in rem proceeding. According to the Tennessee Supreme Court:

> [F]orfeiture under Tennessee law is an action in rem. This Court has regarded forfeiture under the Tennessee statutes as an action in rem for a considerable length of time. . . . [I]t is the property itself which is targeted, not the owner of the property. In contrast to the in personam nature of criminal actions, in rem actions are traditionally viewed as civil proceedings, with jurisdiction dependent on the seizure of a physical object.

*Stuart v. State Department of Safety*, 963 S.W.2d 28, 33 (Tenn. 1998); *see also State v. Blackmon*, 984 S.W.2d 589 (Tenn. 1998) (noting that "forfeiture under Tennessee law is an action in rem, which is traditionally viewed as a civil proceeding," and that "the legislature intended forfeiture to be a civil, in rem proceeding"). Thus, the defendant in a

civil forfeiture action is the subject property, rather than any owners or interest holders in the property.

Because owners or interest holders are not the true defendants in civil forfeiture cases, and as such are not required to be issued a summons under the Tennessee Rules of Civil Procedure, *see* Tenn. R. Civ. P. 4.01 (governing the issuance and service of a summons on the defendants to an action), the forfeiture statutes contain specific requirements regarding notice to purported owners and interest holders in the property subject to forfeiture. Specifically, Tennessee Code Annotated Section 39-11-707 provides that:

> (b) Upon seizure of property for forfeiture under this part, the seizing agency or official shall cause to be delivered a written receipt and notice of seizure to the possessor, owner and interest holder as determined from public records. The notice shall list and describe generally the property seized, the agency or official responsible for the seizure and shall state the procedure for obtaining return of the property. The seizing agency shall deliver a copy of the notice to the district attorney general of the judicial district where the seizing agency is located or of the judicial district where the seizure occurred.
> (c) Upon the seizure of personal property for forfeiture, the seizing agency shall within five (5) working days, apply ex parte for a forfeiture warrant from a judge authorized to issue a search warrant. Upon a finding that probable cause for forfeiture exists, a forfeiture warrant shall issue. The warrant shall be based upon proof by affidavit that there is probable cause that the owner's interest in the seized property is subject to forfeiture. In the event a forfeiture warrant is not issued, then the property shall immediately be returned unless the property is to be retained for evidence in a criminal proceeding. No forfeiture action for personal property may be filed without the issuance of a forfeiture warrant.

If the seizing agency fails to serve a complaint for forfeiture on an interest holder, the interest holder's interest in the property may not be forfeited, notwithstanding their failure to timely challenge the forfeiture. Tenn. Code Ann. § 39-11-707(d).

Simply receiving notice of a forfeiture action via the above procedures does not, however, confer standing on the purported owners or interest holders. Instead, the forfeiture statute specifically provides that if a purported property owner or interest holder intends to contest the forfeiture, he or she must follow the procedures outlined in

-5-

Tennessee Code Annotated Section 39-11-709(d), including establishing his or her standing to contest the forfeiture. Section 709(d) specifically provides:

> After the filing of a forfeiture action under this part, a claimant may file a motion with the court in which the action is pending for the state to show cause why the property, or any portion of the property, should not be returned or the lien released. The court shall conduct a hearing on the motion within twenty-one (21) days from the date such motion is filed. **The claimant must first establish by a preponderance of the evidence that the claimant is an owner in the property seized before other evidence is taken. The claimant has the burden of establishing standing to assert the claim**.

(Emphasis added). Thus, the forfeiture statutes contain specific procedures for challenging a forfeiture complaint. First, the purported owner or interest holder, or claimant, must file a show cause order in the trial court seeking return of the property. Within twenty-one days of this motion, the trial court must conduct a hearing. The first issue to be litigated must be the claimant's standing to contest the forfeiture, which must be proven by a preponderance of the evidence. If the claimant cannot prove standing, then he or she cannot contest the forfeiture proceeding. If, however, the claimant can prove standing, the court then proceeds to consider the State's entitlement to the seized property. Accordingly, the claimant's standing is a statutory prerequisite to contesting the forfeiture of the property. Tenn. Code Ann. § 39-11-709(d).

While not specifically framed in these terms by the parties, the issue in this case concerns the Appellees' statutory, non-constitutional standing to contest the forfeiture action. Tennessee Code Annotated Section 39-11-709(a) mandates that "[o]nly an owner or interest holder may make a claim for return of property seized for forfeiture or otherwise contest the forfeiture under this part." Tennessee Code Annotated Section 39-11-702(3) defines an "owner" as "a person, other than an interest holder, who has an interest in the property." An interest holder is defined as "a secured party within the meaning of § 47-9-102(a), a mortgagee, lien creditor, one granted a possessory lien under law, or the beneficiary of a security interest or encumbrance pertaining to an interest in property, whose interest would be perfected against a good faith purchaser for value." Tenn. Code Ann. § 39-11-702(2). Thus, only owners or interest holders have standing to contest forfeiture proceedings.

Nothing in the trial court's written order entered December 11, 2013 indicates that it found that Appellees had met their burden to prove standing, despite the fact that the issue of standing was raised at the November 4, 2013 hearing. Without proving standing, Appellees had no right to contest the forfeiture due to the alleged procedural irregularities

that occurred contemporaneously with the seizure. Appellees argue in their appellate brief, however, that "ownership of the horses is unquestioned" based on the fact that the Appellees were named in the forfeiture complaint as the owners of the horses. A close reading of the forfeiture complaint does not support Appellees' assertion. Instead, the forfeiture complaint states that:

> The State has reason to believe that the horses known as "Paroled in the Night" and "Mucho Bueno" **may** be owned by Floyd Sherman, Beverly Sherman, 2536 Oak Manor Dr., Dallas TX, 75230, and/or Kelly Sherman, 8631 Cherry Hill Drive, Dallas TX, 75243-7027. **The State does not waive the requirement that any claimant to the seized horses must show standing pursuant to Tenn. Code Ann. § 39-11-708(c).**

(Emphasis added). Thus, the State clearly reserved the issue of the Appellees' standing to contest the forfeiture. Consequently, the burden remained on the Appellees to establish their standing to contest the forfeiture action.

A review of the record on appeal reveals that the Appellees have failed to meet that burden at this time. First, we note that Appellees never filed a show cause motion pursuant to Tennessee Code Annotated Section 39-11-709(d), which would have required the trial court to schedule a hearing on the issue of standing. Instead, the Appellees filed a motion to dismiss the forfeiture complaint due to several alleged procedural irregularities with the seizure. While the Tennessee Rules of Civil Procedure certainly authorize the Appellees to file a motion to dismiss, that filing does not relieve Appellees of their burden to prove standing to contest the forfeiture. Indeed, as previously discussed, this is not the typical case wherein an action is filed against an individual who would possess the right to seek dismissal. Instead, here, the defendant is the property and the only avenue for the claimant to obtain dismissal of the action is to first establish the standing to contest the action. By seeking to dismiss the complaint without first establishing the right to do so, the Appellees "put[] the proverbial cart before the proverbial horse." *In re Estate of Martin*, No. M2011-00901-COA-R3-CV, 2013 WL 2325864, at *4 (Tenn. Ct. App. 2013).

Appellees suggest in their brief, however, that the trial court converted their motions to dismiss into motions for summary judgment by considering matters outside the pleadings, *see Moore v. State*, 436 S.W.3d 775, 783 (Tenn. Ct. App. 2014), and that this Court can likewise consider matters outside the pleadings to hold that Appellees are the owners of the subject horses as a matter of law. We note that the record contains sworn affidavits from Appellees asserting that they are the owners of the subject horses, as well as documents tending to establish that ownership. Accordingly, as we perceive it, Appellees urge this Court to find that the issue of standing was undisputed and to proceed

to consider the substantive arguments in this case. We respectfully decline Appellees' invitation. First, there is no indication in the record that the trial court considered any outside documents in granting the motions to dismiss. Thus, we cannot conclude that the motions to dismiss were converted to motions for summary judgment. Second, as previously discussed, nothing in the trial court's order indicates that it resolved the issue of standing in either parties' favor, despite the fact that standing was raised and argued by the State at the November 4, 2013 hearing. This Court has often stated that it will not consider matters not first adjudicated by the trial court. *See, e.g.*, ***Shaffer v. Memphis Airport Authority, Service Management Systems, Inc.***, No. W2012-00237-COA-R9-CV, 2013 WL 209309, at *4 (Tenn. Ct. App. Jan.18, 2013) ("In an interlocutory appeal, as well as in an appeal as of right, the appellate court considers only questions that were actually adjudicated by the trial court."); ***Farmers Mut. of Tennessee v. Atkins***, No. E2011-01903-COA-R9-CV, 2012 WL 982998, at *4 (Tenn. Ct. App. March 21, 2012) (declining to consider a matter when no initial determination was made by the trial court). Finally, we note that these affidavits were never referenced in a properly supported motion for summary judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure or a show cause motion pursuant to Tennessee Code Annotated Section 39-11-709(d). Instead, the Appellees chose to proceed with their motion to dismiss the forfeiture complaint without first establishing the threshold issue of their standing. While the November 4, 2013 hearing clearly included argument on whether the Appellees were required to show standing as a threshold matter, it cannot be fairly interpreted as an evidentiary hearing regarding Appellees' standing. Instead, it appears that the State merely insisted that the substantive merits of the motion could not be considered without first having established the requisite standing of the Appellees. As previously discussed, the State was correct to insist that Appellees' standing was a threshold matter that was required to be established prior to any consideration of the merits of Appellees' motion. Given these procedural deficiencies, we decline to hold that the affidavits and other documents in the record establish standing at this time, as the issue of whether Appellees can show standing by a preponderance of the evidence should be decided first by the trial court.

Without first establishing standing, any consideration of the merits of Appellees' motion to dismiss is premature. As the Tennessee Court of Criminal Appeals explained, procedural irregularities in the seizure of unowned or unclaimed property are not sufficient to dismiss a forfeiture complaint because "[f]orfeiture of unowned or abandoned property punishes no one." ***State v. Nelms***, No. 03C01-9511-CC-00342, 1996 WL 692506, at *1 (Tenn. Crim. App. Dec. 4, 1996). Accordingly, without first establishing that they are owners of the property, Appellees have no standing to raise the alleged procedural irregularities that occurred contemporaneous to the seizure as a bar to the forfeiture of the property.

Appellees make three final arguments in support of their assertion that they are entitled to judgment in their favor notwithstanding their failure to properly establish

standing. First, Appellees argue that because they were never charged with any crime with regard to the subject horses, there is no dispute that they constitute innocent owners. We agree that Appellees are innocent until proven guilty; however, mere innocence is insufficient to show ownership.

Next, Appellees argue that the forfeiture proceedings ignore the purpose of Title 39, Chapter 11, Part 7, to provide a "means of deterring criminal acts committed for financial gain through the forfeiture of profits and proceeds acquired and accumulated as a result of such criminal activities." Tenn. Code Ann. § 39-11-701(a). Appellees' argument appears to contend that the forfeiture statutes cannot apply because the forfeiture in this case does not serve this purpose. This argument is somewhat disingenuous, however, as this is the very statutory framework that Appellees assert was violated by the State when it seized the property. Moreover, as previously discussed, this Court has previously held that the procedures contained in Title 39, Chapter 11, Part 7 apply to seizures of animals pursuant to Tennessee Code Annotated Section 39-11-202(e). *See Siliski*, 2006 WL 1931814, at \*3. Accordingly, this argument lacks merit.

Finally, Appellees argue that the horses at issue were acquired prior to the criminal acts at issue in this case, and therefore, are exempt from forfeiture under Tennessee Code Annotated Section 39-11-704(a), which provides:

> (a) No interest in any property described in § 39-11-703(a) shall be subject to forfeiture when one (1) of the following conditions is established:
>
> (1) If the owner or interest holder acquired the property before the conduct alleged to give rise to its forfeiture; . . . .

We respectfully disagree that this allegation is sufficient to affirm the trial court's decision to grant the motion to dismiss. First, Appellees' argument presupposes that they have standing to challenge the forfeiture on the basis of their ownership of the subject horses. Furthermore, the State contends that the exemption provided in Section 704(a) is inapplicable to the case at bar because the property is not subject to forfeiture under Section 703(a),[3] as required by the express terms of the statute, but instead under Tennessee Code Annotated Section 39-11-202(e). Again, this dispute was not resolved by the trial court, despite the fact that it was raised at the November 4, 2013 hearing. As such, we decline to resolve it for the first time on appeal. *See Shaffer*, 2013 WL 209309, at \*4; *Atkins*, 2012 WL 982998, at \*4.

---

[3] Tennessee Code Annotated Section 39-11-703(a) applies to the forfeiture of "[a]ny property, real or personal, directly or indirectly acquired by or received in violation of any statute or as an inducement to violate any statute, or any property traceable to the proceeds from the violation[.]"

The trial court erred in granting the Appellees' motion to dismiss without first requiring the Appellees to establish standing by a preponderance of evidence. Because this is a threshold matter, it must be resolved prior to any consideration of the substantive issues in this appeal. Consequently, all other issues are pretermitted.

## Conclusion

The judgment of the Circuit Court of Fayette County is vacated and this cause is remanded to the trial court for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellees Beverly Sherman and Kelly Sherman, for which execution may issue if necessary.

_____
ROBERT L. CHILDERS, SPECIAL JUDGE